## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 20-1258T
(Judge David A. Tapp)

ALAN C. DIXON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Alan C. Dixon (hereinafter "Dixon" or "Plaintiff") files this FIRST AMENDED COMPLAINT against the United States of America (hereinafter "United States," "US" or Defendant") and alleges, by and through his attorney of record, Kathryn N. Magan, as follows:

### JURISDICTION AND VENUE

1.      This is a suit arising under Federal Law and is a claim for the recovery of federal income tax and interest erroneously paid by the taxpayer or assessed and wrongfully collected by the Internal Revenue Service (hereinafter "IRS"). A civil action for remedy of such damages is authorized under 28 U.S.C. § 1346(a)(1), 28 U.S.C. § 1491(a) and 26 U.S.C. § 7422.

2.      Plaintiff is filing this complaint within the period of time specified in 28 U.S.C. § 2501.

### PARTIES

3.      Plaintiff, Alan C. Dixon, is an individual who is an Australian National, who is a United States taxpayer and at all relevant times is and has been current in his tax filings.

4.      The Defendant is the United States of America.

## BACKGROUND

5.      Treasury Regulation 301.7701-2 states that classification of a similarly-situated foreign entity, even if entirely and wholly identical to a U.S. limited liability company, will be classified by default as a corporation for federal tax purposes unless and until it elects otherwise under Treasury Regulation 301.7701-3. Pursuant to Treasury Regulation 301.7701-3, an entity whose classification is determined under the default classification retains that classification until the entity makes an election to change that classification. A foreign eligible entity can elect to be a partnership if it has two or more members and at least one member does not have limited liability. See Treas. Reg. § 301.7701-3(b)(2)(i)(A).

6.      In contrast to Treas. Reg. § 301.7701-2, the United States and Australia have an agreement by Treaty, through the Double Taxation Taxes on Income Convention Between the United States of America and Australia, which states in Article 23 Non-discrimination clause that there should be no burdensome taxation requirements imposed on citizens or corporations of Australia that citizens or corporations of the United States are not subject to.

## FACTUAL ALLEGATIONS

7.      Plaintiff, Alan C. Dixon, is an Australian National who lived and worked in the United States as the CEO and managing member of Dixon Advisory, USA based in New York, New York.

8.      Plaintiff is a United States taxpayer and at all relevant times was and is current in his tax filings.

9.      Plaintiff timely filed Form 1040 U.S. Income Tax Return for tax years 2013 and 2014 on October 14, 2014 and October 6, 2015, respectively, attached hereto as Exhibit A-B.

10.     The original income tax for the tax years 2013 and 2014 was paid to the IRS in the amount of $658,985.00 and $2,131,553.00.

11.     Plaintiff is the managing member and CEO of Dixon Advisory, USA. Dixon Advisory,

USA is the U.S. subsidiary of Dixon Advisory Group Pty Ltd, which later merged into Evans Dixon Ltd in late 2017. Dixon Advisory Group Pty Ltd, now existing as Evans Dixon Ltd, is a publicly traded company that was formed in Australia and currently conducts business in Australia.

12.     It came to Plaintiff's attention in early 2016 that he needed to apply for an Employer Identification Number with the Internal Revenue Service for Dixon Advisory Group Pty Ltd and elect to treat the entity as a Partnership for federal income tax purposes on Form SS-4 pursuant to Treasury Regulation §301.7701-3.

13.     On February 8, 2016, Plaintiff filed Form SS-4, Application for Employer Identification Number, for Dixon Advisory Group in which Plaintiff properly classified Dixon Advisory Group as a Partnership for U.S. federal income tax purposes. Plaintiff's form dates back to May 30, 1986 and was approved by the Internal Revenue Service on February 9, 2019, attached hereto as Exhibit C.

14.     In accordance with his accepted IRS Form SS-4 treating Dixon Advisory Group as a Partnership, Plaintiff prepared IRS Form 1040X amended tax returns for tax years 2012, 2013 and 2014 to reflect Dixon Advisory Group's corrected taxable status. This change effectively categorizes Dixon Advisory Group's income as Plaintiff's business income, in which Plaintiff is then allowed to take a foreign tax credit for the income since Plaintiff is deemed to have directly paid the tax in Australia.

15.     On or about October 10, 2016, Plaintiff timely filed his 2012 Form 1040X to reflect the change in Dixon Advisory Group's taxable status to a partnership. The IRS approved Plaintiff's refund requested on his 2012 1040X on or around November 2016, and Plaintiff received the refund from the Internal Revenue Service.

16.     In accordance with his previously approved 2012 1040X, on or about April 10, 2017, Plaintiff timely filed his 2013 and 2014 Form 1040X based on the same grounds, which claimed

refunds in the amount of $137,656.00, and $1,588,653.00, respectively, attached hereto as Exhibit D and Exhibit E. These amended returns did not contain Dixon's original signature.

17. On or about August 23, 2017, Plaintiff received a "Notice of Tax Due on Federal Tax Return" from the Director of the Department of the Treasury regarding Plaintiff's 2013 Form 1040X, which assessed additional tax in the amount of $189,329.96 from Plaintiffs' self-reporting of additional income in the amount of $161,447.00 on line 6 of the 2013 Form 1040X. This additional tax assessment was collected by the IRS through seizing Plaintiff's 2017 Form 1040 refund. Plaintiff has no current outstanding liability for tax year 2013.

18. On or about May 9, 2018, Plaintiff's 2014 tax year was selected for examination. Later, the IRS agent expanded the audit to include Plaintiffs' 2013 tax year. Plaintiff provided documents to the IRS agent and communicated with the agent through his tax preparer. After not hearing back from the IRS agent for several months, Plaintiff filed suit to recover his federal tax refund in the Court of Federal Claims. Plaintiff's suit was ultimately dismissed on February 21, 2020 for lack of subject matter jurisdiction for failing to sign his 2013 and 2014 amended returns with his original signature.

19. On February 25, 2020, Plaintiff re-submitted his 2013 and 2014 Form 1040X to the IRS with original signatures correcting the jurisdictional issue, attached hereto as Exhibits F and G. Plaintiff has waited the required six months prior to filing suit in accordance with 26 U.S.C. § 6532.

20. Plaintiff would show that the IRS approved Plaintiff's Form 1040X for tax year 2012, which was filed on the same basis as taxpayer's 2013 and 2014 Form 1040X claiming a foreign tax credit for the re-classification of Dixon Advisory Group as a partnership.

21. Plaintiff would show that his Form 1040X for tax years 2013 and 2014 with original signatures were timely filed and do not exceed the statute of limitations to file claims for refund pursuant to 26 U.S.C. § 6511(d)(3)(A).

22. Further, Plaintiff would show that his claims for refund were made in good faith for

the overpayment of income tax in 2013 and 2014.

## COUNT I
### (Civil Action for Refund 28 U.S.C. § 1346, 28 U.S.C. § 1491(a) & 26 U.S.C. § 7422)

23.     Plaintiff incorporates paragraphs 1-22 as if fully set forth herein.

24.     The actions of the United States of America have resulted in damages to Plaintiff for not remitting Plaintiff's income tax refund for tax years 2013 and 2014, and in bringing and pursing this cause of action; and renders the United States of America liable for compensatory damages and costs of this action under 28 U.S.C. § 1346, 28 U.S.C. § 1491, and 26 U.S.C. §7422.

## DAMAGES

25.      Plaintiffs seeks recovery of the full tax refund and additional erroneously assessed and imposed tax liability for tax year 2013 in the amount of $326,985.96, which includes the erroneously assessed additional income tax liability of $189,329.96 and the tax refund due in the amount of $137,656.00 allowed by law as established in 28 U.S.C. § 1346, 28 U.S.C. § 1491, and 26 U.S.C. § 7422.

26.     Plaintiff seeks recovery of the full tax refund for tax year 2014 in the amount of $1,588,653.00 allowed by law as established in 28 U.S.C. § 1346, 28 U.S.C. § 1491, and 26 U.S.C. § 7422.

27.     Plaintiff seeks recovery of the interest accrued from the filing of Plaintiff's claim of refund for tax years 2013 and 2014 to the present for the overpayment of Plaintiff's income tax as contemplated under 26 U.S.C. § 6611.

28.     Plaintiffs seek recovery of attorney's fees and costs incurred in bringing and pursuing this action as contemplated in 26 U.S.C. § 7430 and 28 U.S.C. §2412.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Alan C. Dixon requests:

(a)     That this Court order the IRS to refund to Plaintiff the overpayment of taxes for tax year 2013 in the amount of $326,985.96, together with interest from and after February 25, 2020, the date when Plaintiff demanded the return of his overpayment of taxes;

(b)     That this Court order the IRS to refund to Plaintiff the overpayment of taxes for tax year 2014 in the amount of $1,588,653.00, together with interest from and after February 25, 2020, the date when Plaintiff demanded the return of his overpayment of taxes;

(c)     In the alternative, that this Court award to Plaintiff damages in the amount of $1,915,638.96, together with interest from and after February 25, 2020;

(d)     Any other I.R.C. § 6621(d) interest netting benefit to which Plaintiff may be entitled after all adjustments to the tax periods involved have been made;

(e)     Such costs and attorneys' fees as are available; and

(f)     Such other and further relief that this Court deems equitable and proper.

## PRAYER

WHEREFORE, Plaintiff herein respectfully prays that the United States of America be cited to appear and answer, and that upon final trail hereof, that Plaintiff be awarded the relief requested above, together with costs of court and such other relief to which Plaintiff may be entitled.

Respectfully submitted,

Dated: September 28, 2020

_Kathryn Magan_
KATHRYN MAGAN
Texas Bar No. 24107854
**Magan Law, PLLC**
K.Magan@maganlawpllc.com
6051 Davis Blvd.
P.O. Box 820415
NRH, Texas 76180
Tel. (469) 550-0036
**ATTORNEY FOR PLAINTIFF**